# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH PETROLINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSEWOOD REALTY GROUP INC.,<br><br>Defendant. | Case No. 9:24-cv-80813<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Joseph Petrolino ("Plaintiff") brings this putative class action against Defendant Rosewood Realty Group Inc. ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, including through investigation by Plaintiff's counsel, as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and Federal Communications Commission implementing regulations ("TCPA"), and Defendant's violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

2. As alleged herein, Defendant repeatedly violated the TCPA by placing telemarketing cold calls to telephone numbers on the National Do Not Call ("DNC") Registry, including to Plaintiff and the members of the Class (defined below), without their prior express written consent, and by continuing to place those calls even after Plaintiff requested to not receive future calls.

3. Through this action, Plaintiff seeks an award of statutory damages to Plaintiff and the Class, as well as injunctive against Defendant's ongoing and continued violations of the TCPA and the FTSA.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367, as the FTSA claims form part of the same case or controversy as Plaintiff's claims under the TCPA.

6. This Court has personal jurisdiction over Defendant because this suit arises out of and relates to Defendant's contacts with this state as Defendant directed the unlawful telemarketing calls at issue to Plaintiff's cellular telephone while plaintiff was residing, and physically present, in Florida.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## PARTIES

8. Plaintiff is a natural person and, at all relevant times, was a resident of Palm Beach County, Florida.

9. Defendant is a New York Corporation with its principal place of business in Nassau County, New York.

## FACTUAL ALLEGATIONS

10. Plaintiff registered his phone number ending in 2766 (the "2766 Number") on the National DNC Registry on March 22, 2007, and it has been so registered at all relevant times.

11. Defendant provides real estate services to consumers.[1]

12. In order to generate sales and consumer leads for its salespeople, Defendant places telemarketing cold calls to consumers, including to telephone numbers listed on the National DNC Registry, without their consent, and continues to place such calls even after the recipient requests to not receive future calls.

13. In or around May 31, 2024, Plaintiff started receiving unwanted calls to his 2766 Number from a representative of Defendant regarding mobile home properties that Plaintiff owns.

14. Specifically, on May 31, 2024, at 8:40 a.m., Plaintiff received a call from Defendant from the number 480-676-1797, which is a number that is owned or controlled by Defendant.

15. On June 3, 2024, at 12:19 p.m., Plaintiff received another call from Defendant from the number 480-690-6745, which is a number that is owned or controlled by Defendant.

16. Plaintiff received additional calls from Defendant on dates and times that will be proven through discovery.

17. Plaintiff repeatedly requested to not receive future calls, which Defendant repeatedly ignored and continued to call Plaintiff, as outline above.

18. Defendant's calls to Plaintiff constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

19. Plaintiff is the subscriber and sole user of the 2766 Number, and he is financially responsible for the service to that number.

20. Plaintiff never provided Defendant with prior express written consent, or any consent, to receive telemarketing calls.

---

[1] https://www.rosewoodrg.com/about-us (last visited June 19, 2024).

21. Defendant's unlawful telemarketing calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

> **The DNC Registry Class: All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) Defendant (or an agent acting on behalf of Defendant) called their telephone phone number two or more times in any 12-month period, (2) for the same purpose Plaintiff was called; (3) while there telephone number had been listed on the National Do Not Call Registry for at least thirty days.**
>
> **The TCPA Internal DNC Class: All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) Defendant (or an agent acting on behalf of Defendant) called their telephone phone number two or more times in any 12-month period, (2) for the same purpose Plaintiff was called; (3) after they requested to not receive future calls from Defendant.**
>
> **The FTSA Internal DNC Class: All persons in the State of Florida who, between July 1, 2021, through the date of class certification (1) Defendant (or an agent acting on behalf of Defendant) called their telephone phone number one or more times, (2) for the same purpose Plaintiff was called; (3) after they requested to not receive future calls from Defendant.**

23. The Classes defined above are, at times, collectively referred to as, the "Class."

24. Plaintiff reserves the right to expand or narrow the definitions of the Class following discovery and prior to moving for class certification.

25. Excluded from the Class is Defendant and its employees and agents.

26. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, 40

4

members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

27. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

   a. Whether Defendant placed telemarketing calls to Plaintiff and the Class while their telephone numbers were registered on the National DNC Registry;

   b. Whether Defendant's calls constitute "telephone solicitations" under the TCPA;

   c. Whether Defendant's calls constitute "telephonic sales calls" under the FTSA;

   d. Whether Defendant can meet its burden of showing that it had the requisite consent to make telemarketing calls to Plaintiff and the Class;

   e. Whether Defendant continued to call Plaintiff after Plaintiff requested to not receive future calls.

   f. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

   g. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

29. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

30. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

**CAUSES OF ACTION**

**COUNT 1**
**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Class)**

32. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

33. The TCPA establishes a national DNC registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

34. The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

35. A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of … property, goods, or services, which his transmitted to any person", but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." § 64.1200(f)(15).

36. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). § 227(c).

37. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiff and the members of the Class while their respective telephone numbers were registered on the National DNC Registry for at least 30 days.

38. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Class were harmed.

39. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. Section 227(c)(5)(A).

40. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each call that violates the TCPA. Section 227(c)(5)(B).

41. Because Defendant knew or should have known that it was placing telemarketing cold calls to numbers on the National DNC Registry without consent, Defendant's violations of the TCPA were willful or knowing.

42. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. Section 227(c)(5)(C).

## COUNT 2

**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA Internal DNC Class)**

43. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Count, as if fully set forth herein.

44. Under the FCC regulations promulgated under and actionable through the TCPA:

No person or entity shall *initiate any call for telemarketing purposes* to a residential telephone subscriber *unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity*. The procedures instituted must meet the following minimum standards:

> **(1)** *Written policy*. Persons or entities making…calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel*. Personnel…engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> **(3)** *Recording, disclosure of do-not-call requests*. If a person or entity making…any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the

subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not- call request. A person or entity making…any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

\*       \*       \*

**(6)** *Maintenance of do-not-call lists.* A person or entity making…any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d) (emphasis added).

45. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227] may" bring a private action. 47 U.S.C. § 227(c)(5).

46. Plaintiff and the TCPA Internal DNC Class members made requests to Defendant to not receive future telephone calls.

47. Defendant failed to honor Plaintiff's and the TCPA Internal DNC Class members' opt-out requests.

48. Defendant's failure to honor Plaintiff's opt-out request strongly suggests that Defendant does not comply with requirements of Section 64.1200(d) to (1) maintain the required

9

written policies; (2) provide adequate training to its personnel engaged in telemarketing; (3) maintain an internal do-not-call list; and (4) honoring opt-out requests.

49. Because Defendant does not comply with the requirements of Section 64.1200(d), Defendant violated Section 64.1200(d) every time it "initiate[d] *any call* for telemarketing purposes" (*i.e.* every text message it sent as part of its telemarketing campaign, regardless of whether any consumer texted back "stop" or otherwise made an optout request).

50. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

51. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* § 227(c)(5)(A).

52. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each text messages that violates the TCPA. *See* § 227(c)(5)(B).

53. Because Defendant knew or should have known that it was initiating calls for telemarketing purposes without having the procedures in place to record and honor opt out requests that Section 64.1200(d) requires, Defendant's violations of the TCPA were willful or knowing.

54. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* § 227(c)(5)(C).

### COUNT 3

### Violations of the FTSA, § 501.059(5)
### (On Behalf of Plaintiff and the FTSA Internal DNC Class)

55. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Counts, as if fully set forth herein.

56. The FTSA provides that "[a] telephone solicitor or other person may not initiate an outbound telephone call…to a consumer, business, or potential donor…who has previously

communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call … made by or on behalf of the seller whose goods or services are being offered[.]" § 501.059(5).

57. Plaintiff is, and at all times relevant was, a "called party" as defined by Section 501.059(1)(a) in that Plaintiff was the regular user of the cellular telephone number that received Defendant's telephonic sales calls.

58. Defendant is, and at all times relevant was, a "telephone solicitor" as defined by Fla. Stat. § 501.059(1)(i).

59. Defendant's calls to Plaintiff and the FTSA Internal DNC Class promoted "consumer goods or services" as defined by Section 501.059(1)(c).

60. Defendant's calls to Plaintiff and the FTSA Internal DNC Class were "telephonic sales calls" as defined by Fla. Stat. Section 501.059(j).

61. Defendant placed the calls to Plaintiff and the FTSA Internal DNC Class from Florida, or otherwise directed the messages to be sent from Florida.

62. Plaintiff and the FTSA Internal DNC Class members asked to not receive outbound telephone calls from Defendant, but they continued to receive calls from Defendant.

63. Defendant's continued calls to Plaintiff and the FTSA Internal DNC Class members after they requested to opt out violate Section 501.059(5).

64. Plaintiff and the FTSA Internal DNC Class are entitled to an award of statutory damages of $500 per text message that violates the FTSA. § 501.059(10)(a).

65. Plaintiff and the FTSA Internal DNC Class are entitled to an award of statutory damages of $1,500 for each willful violation of FTSA. § 501.059(10)(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA and FTSA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and each member of the Class of statutory damages of $500 for each text message that violates the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

E. An award to Plaintiff and the Class of attorneys' fees and the costs of this action;

F. An injunction against Defendant's continuing and future violations of law; and

G. Such further and other relief as the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: July 2, 2024

Respectfully submitted,

*/s/ Chris Gold*
Chris Gold
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com

**Lehrman Law**
Seth Lehrman
Florida Bar No. 132896
951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Tel: 754-778-9660
seth@lehrmanlaw.com

*Counsel for Plaintiff and the Proposed Class*